**Jo Ann POHRYBIENYK, Plaintiff-Appellant,**

v.

**Thomas J. KIRCHNER, Jr., Defendant-Appellee.**

**No. 19455.**

United States Court of Appeals Sixth Circuit.

May 27, 1969.

James R. Fazekas, Toledo, Ohio, for appellant.

Wilbur C. Jacobs, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, for appellee.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This appeal is before the Court on motion of Thomas J. Kirchner, Jr., defendant-appellee, to affirm the judgment of the District Court for the reason that it is manifest that the single issue on which decision of the appeal depends is so unsubstantial as not to need further argument. (Rule 8(b) of the Rules of the Sixth Circuit). Jo Ann Pohrybienyk, plaintiff-appellant, recovered a judgment for nine hundred dollars against the defendant-appellee in an action for personal injuries resulting from an automobile accident, in the United States District Court for the Northern District of Ohio, Western Division. The

parties will be referred to by name or as plaintiff and defendant.

On June 1, 1965, Jo Ann and her two infant children were passengers in an automobile driven by her husband. While waiting to make a left turn their car was struck from the rear by an automobile driven by Mr. Kirchner. The injury of which Jo Ann complains was a result of this accident.

At the time the action was commenced in the Common Pleas Court of Lucas County, Ohio, the defendant was a resident of Pennsylvania. Counsel for the defendant had the case removed to the District Court on the ground of diversity of citizenship. The defendant admitted liability and the case was tried before a jury on the sole issue of damages sustained by the plaintiff.

The plaintiff's case was submitted to the jury on the testimony of herself, her husband and her physician. Counsel for the defendant called the defendant and asked him about a dozen questions to establish that at the time the action was filed he was a resident of Pittsburg and that he admitted liability and assumed responsibility for plaintiff's damages. There was no cross examination.

Only three or four objections were made to the admission of testimony and no exceptions were taken to adverse rulings of the court. The trial judge adequately instructed the jury on the issue of damages and no objection to the instructions was made by counsel for the plaintiff. The attorneys made brief, dignified arguments, neither one resorting to any prejudicial statements that would tend to stir the passions or emotions of the jurors. The jury returned a verdict in favor of the plaintiff for $900. A motion for new trial was filed on behalf of the plaintiff on the specified ground that the verdict was not sustained by the evidence and was contrary to law. The motion was overruled by order of the trial judge without opinion. This appeal followed.

The sole issue before us on this appeal is the adequacy of the compensation awarded the plaintiff by the jury for her injuries. No specific item of proven damages was omitted. There was nothing demonstrable about the plaintiff's claimed injury. Her symptoms were entirely subjective. While no evidence contradictory of that offered by the plaintiff was introduced by the defendant the burden was upon the plaintiff to prove the extent of her damages by a preponderance of the evidence. It was the function of the jury to appraise the value of the testimony. The jurors could believe all, a part or none of the testimony of plaintiff and her witnesses. The plaintiff had every advantage that could be accorded her in a fair trial. She was permitted to offer in evidence items of medical expense to the extent of some $2200, for the limited purpose of assisting the jury to understand the nature and extent of plaintiff's injuries. Counsel for the defendant told the jury in his argument that he represented an insurance company. The narrow issue before the jury was to what extent the members of the jury believed the testimony offered on behalf of the plaintiff.

■ The assessment of damages in a case tried before a jury is peculiarly the function of the jury. While we do not ordinarily quote from the text of a digest the following statement from 16 O.Jur. 2d, Sec. 196, p. 333, is a fair composite statement from the Ohio cases:

"The assessment of damages is a matter peculiarly within the province and discretion of the jury. They may award damages independently of the opinion of any person as to amount. Where the respective claims and theories have been fully presented and properly charged, the courts are slow to interfere with the verdicts so rendered, so that only the gross abuse of the jury's discretion will warrant the court in substituting its judgment for that of the jury. * * * Thus, it (is) said that the value of pain and suffering, both past and prospective, and the loss of future earnings, in an action for personal injuries, are questions peculiarly for the jury. There

is no measuring stick to determine the value of pain and suffering; it is primarily left to the sound judgment of the jury."

 The district judge had the advantage of seeing the witnesses on the witness stand and hearing them testify. He was able to observe their demeanor and appraise the value of their testimony. In overruling the motion for new trial, he obviously considered that there was no abuse of discretion on the part of the jurors. We have read the record of the trial and we can not say that the jury erred in its appraisal of the extent of plaintiff's damages or that the verdict indicates an abuse of discretion on the part of the jurors.

We conclude that Rule 8(b) of the rules of this Court is applicable to the facts of this case and the motion of the defendant for affirmance of the judgment is sustained.